Case 4:25-cv-02541   Document 8   Filed on 06/05/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALFREDO BENITO MALDONADO,** § | | |
| § | | |
| *Petitioner*, § | | |
| § | | |
| VS. § | CAUSE NO. 4:25-CV-2541 | |
| § | | |
| **KRISTI NOEM,** § | | |
| **SECRETARY, U.S. DEPARTMENT** § | | |
| **OF HOMELAND SECURITY,** *et al.,* § | | |
| § | | |
| *Respondents*. § | | |

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

Having reviewed Petitioner Alfredo Benito Maldonado's Emergency Motion for a Temporary Restraining Order (Doc. No. 3), the Court finds and holds that the Petitioner's Motion is **GRANTED** and that the removal of Petitioner is temporarily stayed. This Temporary Restraining Order shall remain in effect for the shorter of **14 days** (subject to extension), or until a hearing on a preliminary injunction may be held.

### A. Background

Petitioner is an immigration detainee. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging violations of the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Due

1

Process Clause of the Fifth Amendment. Doc. No. 1.

Petitioner is a Mexican national residing in the United States with his U.S. citizen spouse and four children, two of whom are minors. Doc. No. 3 at 2. His minor child was the victim of a qualifying violent crime in 2021, leading to a certified I-918B U visa application filed in March 2023. *Id.* at 2–3 (citing Doc. No. 1, Exh. 1 (U visa certification)). On June 13, 2024, U.S. Citizenship and Immigration Services ("USCIS") granted Petitioner a bona fide determination ("BFD"), conferring four years of deferred action and work authorization. *Id.* at 3 (citing Doc. No. 1, Exh. 3 (BFD notice)). The BFD notice explicitly stated the grant was a "favorable exercise of discretion." *Id.*

Despite this, Immigration and Customs Enforcement ("ICE") detained Petitioner on May 22, 2025, and denied a stay of removal on May 27, 2025. *Id.* at 3 (citing Doc. No. 1, Exh. 4 (stay denial)). Respondents now seek to remove him, effectively nullifying his deferred action. *Id.* at 2–3.

Petitioner contends his detention and imminent removal violate both statutory and constitutional protections. Specifically, Plaintiff alleges that ICE's actions contravene 8 U.S.C. § 1101(a)(15)(U) and 8 C.F.R. § 214.14(d)(2), which provide deferred action for BFD recipients. Doc. No. 1 at 11-12 He further alleges that his continued detention and removal proceedings directly contravene his lawfully granted deferred action status, a protected liberty interest under the

Fifth Amendment. *Id.* at 12-15.  Moreover, he argues that the decision to detain and remove him is arbitrary and capricious, lacking notice or opportunity to respond. *Id.*

On June 3, 2025, Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Doc. No. 3. On June 4, 2025, the Court held a Motion Hearing and heard oral arguments on the Motion.

## B. Analysis

A temporary restraining order (TRO) is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). A TRO for a discretionary stay may be issued in the Fifth Circuit if the plaintiff establishes four criteria: "1) a substantial likelihood of success on the merits; 2) that irreparable harm would occur if a stay is not granted; 3) that the potential harm to the [immigrant] outweighs the harm to the [government] if a stay is not granted; and 4) that the granting of the stay would serve the public interest." *Ignacio v. INS,* 955 F.2d 295, 299 (5th Cir. 1992). If a "serious legal question" is involved, the first prong requires only "a substantial case on the merits." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). Petitioner has

established all four criteria in the instant case.

1. Likelihood of Success on the Merits

The Fifth Circuit has previously observed that "[a]lthough four factors are relevant to determining entitlement to a stay, the first is arguably the most important." *Tesfamichael v. Gonzales*, 411 F.3d 169 (5th Cir. 2005). In a motion for a temporary restraining order, the moving party need only establish a likelihood of success on the merits on one claim where there are multiple claims at issue. *See Texas v. United States,* 86 F. Supp. 3d 591, 672 (S.D. Tex.), *aff'd,* 809 F.3d 134 (5th Cir. 2015), *as revised* (Nov. 25, 2015).

The Court finds that Petitioner is likely to succeed on his Due Process claim. In that claim, Petitioner argues that ICE's detention and imminent removal of Petitioner—without notice, a hearing, or any opportunity to contest the revocation of his deferred action—violate fundamental due process protections. Doc. No. 1 at 14-15.

The Fifth Amendment's Due Process Clause protects individuals in removal proceedings. *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005). Noncitizens facing removal must receive "notice of the charges against [them], a hearing before an executive or administrative tribunal, and a meaningful opportunity to be heard." *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018). To establish a due process violation, Petitioner must show *substantial prejudice—*

i.e., that the alleged error likely affected the outcome. *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). This requires a prima facie showing that the violation had a material impact on the proceedings. *Ogunfuye v. Holder*, 610 F.3d 303, 306–07 (5th Cir. 2010); *Anwar*, 116 F.3d at 144–45.

Based on the current record, it is likely that Petitioner's detention and possible imminent deportation violate these protections. Here, ICE detained Petitioner and initiated removal proceedings without notice or a hearing on the effect his lawful grant of deferred action has on his potential removal. Doc. No. 3 at 4-5. Had he received due process, he could have challenged his detention and removal, as his BFD and deferred action status arguably rendered him presumptively ineligible for removal under 8 U.S.C. § 1184(p)(6). Doc. No. 1 at 11-12. Respondent's decision to detain and remove Petitioner without an opportunity to respond and without a hearing appears to be a procedural due process violation that is likely to succeed on the merits. To date, Respondent has not shown evidence to the contrary.

Petitioner also raises a substantial statutory claim. He asserts that his BFD operates as an administrative stay of removal and that Respondents cannot lawfully detain him without first revoking his deferred action under applicable regulations. Doc. No. 1 at 11-12. He maintains that his deferred action status remains unrevoked under governing regulations. *Id.*

Petitioner heavily relies on *Gomez v. Scott*, where a district court evaluated a comparable record and motion. 2025 U.S. Dist. LEXIS 81249, at *3 (W.D. Wash. Apr. 29, 2025). The *Gomez* court found the "likelihood of success" factor favored petitioner because he had a BFD and respondents sought to remove him without the required review by the Secretary of Homeland Security. *Id.* at *6. Here, Petitioner similarly holds a BFD, and Respondents have not offered any evidence to demonstrate that his case has been adequately reviewed by the Secretary of Homeland Security. Doc. No. 5 at 12; *Raghav v. Jaddou*, No. 2:25-cv-00408-DJC-JDP, 2025 U.S. Dist. LEXIS 18889 at *4 (E.D. Cal. Feb. 3, 2025) ("[t]he decision to grant or deny a stay after the prima facie determination [requirement is satisfied by a BFD] . . . is solely in the discretion of the Secretary of Homeland [S]ecurity").

At oral argument, Respondents contended that Petitioner's argument falls flat and finds no support in statutory text, but Respondents did not have pertinent authority in this Circuit or otherwise that supported their contention. Based upon the record, the likelihood of success factor leans in favor of Petitioner.

2. <u>Irreparable Harm</u>

Petitioner has demonstrated irreparable harm. Deportation would forcibly separate Petitioner from his U.S. family, a harm courts have consistently deemed irreparable. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Removal would also

permanently terminate Petitioner's deferred action and work authorization, extinguishing his lawful status with no concrete avenue for reinstatement if he prevails in this action. Doc. No. 3 at 5. Finally, Petitioner's family would face severe financial hardship, including the inability to afford his children's education, as detailed in sworn testimony. *Id.* (citing Doc. No. 1, Exh. 1 (spouse affidavit)).

At oral argument, Respondent did not offer any contrary facts or law. Based upon the current record, the irreparable harm factor leans in favor of Petitioner. As in *Gomez*, these harms are specific to Petitioner's case and outweigh generalized government interests. *Gomez*, 2025 U.S. Dist. LEXIS 81249, at *7 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011))

3. <u>Favorable Balance of Hardships and No Adverse Effect on the Public Interest</u>

When the government is the opposing party, the balance of hardship, harm, and public interest prongs merge. *Nken.* 556 U.S. at 435. Here, Respondents have articulated no legitimate interest (either in briefing or in oral argument) in removing Petitioner prior to a full adjudication of his claims, particularly given his pending U visa application with a bona fide determination. Doc. No. 3 at 2-3. At this time, the public interest favors preserving due process, family unity, and congressional intent to protect crime victims under the U visa program. *See Gomez*, 2025 U.S. Dist. LEXIS 81249, at *8.

7

At oral argument, Respondent did not offer any controverting argument. Based upon the current record, this factor leans in favor of Petitioner.

### C. Conclusion

For the reasons stated above, the Court **ORDERS:**

1. Petitioner's Emergency Motion for Temporary Restraining Order (Doc. No. 3) is **GRANTED.**

2. Petitioner's removal is **TEMPORARILY STAYED**. Respondents, their agents, officers, and all acting in concert with them are enjoined from removing Petitioner pending further proceedings in this Court.

3. The Court will set a briefing schedule by separate order.

   **IT IS SO ORDERED.**

   **SIGNED** at Houston, Texas on this the 5th of June, 2025.

   KEITH P. ELLISON
   UNITED STATES DISTRICT JUDGE